UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER OJINGWA,

Plaintiff,

v.

CAPITAL ONE FINANCIAL
CORPORATION,

Defendant.

No.  2:25-cv-3496 DAD AC PS

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is proceeding in this action in pro se, and the case was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21).  The initial complaint was removed from Sacramento County Superior Court on December 3, 2025.  ECF No. 1.  On April 15, 2026, following the court's order granting leave to amend, plaintiff filed a First Amended Complaint ("FAC").  ECF No. 21.  He simultaneously moved for remand to the Sacramento County Superior Court on the basis that the FAC lacked any basis for federal jurisdiction.  For the reasons stated below, the undersigned recommends granting the motion, remanding the action, and closing the case.

## I.      Standard of Law

A defendant who is sued in state court may remove to the appropriate federal district court any civil action over which the district courts have original jurisdiction.  See 28 U.S.C. § 1441(a).

1

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively. Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019).

"Under § 1447(c), the district court must remand '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]'" Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014). "The general rule governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint." Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir. 1991) (citations omitted).

## II.    Analysis

Defendant removed this case because it asserted violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., both of which establish federal question jurisdiction under 28 U.S.C. § 1331. ECF Nos. 1 at 3, 1-1 at 5. The FAC abandons these claims and asserts only contract, tort, and statutory claims under California law. ECF No. 21 at 4-5. The FAC does not suggest that the damages meet the $75,000 threshold needed to establish jurisdiction under 28 U.S.C. § 1332, nor does defendant contend that such jurisdiction exists.

Defendant first argues that because removal is based on the face of the operative complaint at the time, subsequent amendment to strike the claims that justified removal does not compel remand. ECF No. 31 at 2. Defendants are quite correct that removal of the federal claims does not compel remand. See Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc. et al., 159 F.3d 1209, 1213 (9th Cir. 1998) ("…a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."); see also Millar v. Bay Area Rapid Transit Dist., 236 F. Supp. 2d 1110, 1115-18 (N.D. Cal. 2002). However, the

2

continued exercise of supplemental jurisdiction lies within the discretion of the court. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988); Millar, 236 F. Supp. 2d at 1119.

In determining how to exercise this discretion, the court must weigh considerations of judicial economy, convenience, fairness, and comity. Acri v. Varian Associates, 114 F.3d 999, 1001 (9th Cir. 1997). Defendant argues that retaining jurisdiction would preserve judicial resources because this court can dispose of the entire case in the context of defendant's pending motion to dismiss the FAC (ECF No. 30). ECF No. 31 at 4. For this court to take up the merits of the motion to dismiss purely state law claims would not serve the interests of judicial economy. Especially in light of defendant's theory that the FAC's claims are precluded by a settlement agreement that resolved Ojingwa v. Capital One Financial Corporation, Sacramento Superior Court Case No. 24SC000497,[1] it appears that both judicial economy and comity considerations weigh in favor of resolution in state court. No fairness or convenience factors have been presented that weigh against remand, and none are apparent. Accordingly, it is recommended that the court decline to exercise supplemental jurisdiction and that plaintiff's motion for remand be granted.

As there has been no substantive adjudication . That this agreement was entered as part of state proceedings, if anything, reinforces the argument that its applicability is best decided in state court. ECF No. 32 at 4.

Although not mandatory, remand is appropriate notwithstanding the additional costs defendant would then incur to demur to the FAC in the Sacramento Superior Court. To somewhat conserve resources, however, the undersigned will vacate the hearing date on the pending motion to dismiss and suspend its briefing schedule under the Local Rules. Defendant shall not file a reply brief thereto until after the district judge rules on these findings and recommendations. Should the district judge choose not to remand this action, the undersigned will reset the hearing date and set a deadline for filing a reply brief in support thereof.

////

---

[1] See ECF No. 30 at 8-9; ECF No. 31 at 2-4, n.1.

### III.   Conclusion

**IT IS HEREBY ORDERED THAT** hearing on defendant's motion to dismiss (ECF No. 30) is VACATED.

**IT IS HEREBY RECOMMENDED THAT:**

1. Plaintiff's motion to remand this action (ECF No. 22) be GRANTED;

2. The case be remanded to Sacramento County Superior Court; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 12, 2026

_____

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4