UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER OJINGWA,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br><br>Defendant. | No.  2:25-cv-3496 DAD AC PS<br><br>**CORRECTED** ORDER AND FINDINGS AND RECOMMENDATIONS |

This Corrected Order and Findings and Recommendations replaces the Order and Findings and Recommendations filed on June 12, 2026 (ECF No. 35).  There has been no change to the recommended disposition; the previous document contained errors and was mistakenly docketed.  It is accordingly VACATED.

Plaintiff is proceeding in this action in pro se, and the case was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21).  The initial complaint was removed from Sacramento County Superior Court on December 3, 2025.  ECF No. 1.  On April 15, 2026, pursuant to the court's order granting leave to amend (ECF No. 20), plaintiff filed a First Amended Complaint ("FAC").  ECF No. 21.  He simultaneously moved for remand to the Sacramento County Superior Court on the basis that the FAC lacked any basis for federal jurisdiction.  ECF No. 22.  Defendant opposes the motion for remand (ECF No. 31) and has

1

moved to dismiss (ECF No. 30).  For the reasons stated below, the undersigned recommends granting plaintiff's motion, remanding the action, and closing the case.

## I.    Standard of Law

A defendant who is sued in state court may remove to the appropriate federal district court any civil action over which the district courts have original jurisdiction.  See 28 U.S.C. § 1441(a).  "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively.  Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019).

"Under § 1447(c), the district court must remand '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]'"  Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014).  "The general rule governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint."  Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir. 1991) (citations omitted).

## II.    Analysis

Defendant removed this case because it asserted violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., both of which establish federal question jurisdiction under 28 U.S.C. § 1331.  ECF Nos. 1 at 3, 1-1 at 5.  The FAC abandons these claims and asserts only contract, tort, and statutory claims under California law.  ECF No. 21 at 4-5.  The FAC does not suggest that the damages meet the $75,000 threshold needed to establish jurisdiction under 28 U.S.C. § 1332, nor does defendant contend that such jurisdiction exists.

Defendant first argues that because removal is based on the face of the operative complaint at the time of removal, subsequent amendment to strike the federal claims does not

compel remand. ECF No. 31 at 2. Defendants are quite correct that removal of the federal claims does not *compel* remand. See Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc. et al., 159 F.3d 1209, 1213 (9th Cir. 1998) ("…a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."); see also Millar v. Bay Area Rapid Transit Dist., 236 F. Supp. 2d 1110, 1115-18 (N.D. Cal. 2002). However, the continued exercise of supplemental jurisdiction lies as always—whether or not a case has been removed from state court—within the discretion of the district court. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988); Millar, 236 F. Supp. 2d at 1119.

In determining how to exercise this discretion, the court must weigh considerations of judicial economy, convenience, fairness, and comity. Acri v. Varian Associates, 114 F.3d 999, 1001 (9th Cir. 1997). Defendant argues that retaining jurisdiction would preserve judicial resources because this court can dispose of the entire case in the context of defendant's pending motion to dismiss the FAC (ECF No. 30). ECF No. 31 at 4. For this court to take up the merits of the motion to dismiss purely state law claims would not serve the interests of judicial economy, however. Especially in light of defendant's theory that the FAC's claims are precluded by a settlement agreement that resolved Ojingwa v. Capital One Financial Corporation, Sacramento Superior Court Case No. 24SC000497,[1] it appears that both judicial economy and comity considerations weigh in favor of resolution in state court.

No fairness or convenience factors have been presented that weigh significantly against remand. That defendant may incur costs to demur to the FAC in superior court weighs only slightly, as the briefing submitted to this court already contains Capital One's arguments as to the sufficiency of plaintiff's state law claims and the preclusive effect of the settlement. Accordingly, the additional work required to bring a motion in state court will be minor.

For these reasons, it is recommended that the court decline to exercise supplemental jurisdiction and that plaintiff's motion for remand be granted. The hearing on defendant's motion to dismiss will be vacated, to be reset in the event that the district judge declines to adopt this

---

[1] See ECF No. 30 at 8-9; ECF No. 31 at 2-4, n.1.

recommendation.

### III.    Conclusion

**IT IS HEREBY ORDERED THAT:**

1.    The previously issued Findings and Recommendations (ECF No. 35) are VACATED;

2.    Hearing on defendant's motion to dismiss (ECF No. 30) is VACATED.

**IT IS HEREBY RECOMMENDED THAT:**

1.   Plaintiff's motion to remand this action (ECF No. 22) be GRANTED;

2.   The case be remanded to Sacramento County Superior Court; and

3.   The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 17, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4